## In re McCAULLEY et al.

District Court, W. D. Washington, N. D.
May 17, 1927.

No. 7722.

**1. Bankruptcy ⬳32, 325—As respects part payments, indebtedness status is fixed on adjudication date, and schedule amended to include omitted creditor relates thereto.**

As respects part payments, status of creditor and bankrupt as to existing indebtedness was fixed on date of adjudication, and schedule amended to include creditor inadvertently omitted relates back to date of adjudication.

**2. Bankruptcy ⬳325—Payments to creditor inadvertently omitted from schedule should be applied first to indebtedness created after adjudication, and balance only applied to old account.**

Where creditor inadvertently omitted from scheduled liabilities continued credit and received payments after date of adjudication, payments made should be applied to new account, and any balance, in absence of direction as to application, applied on account existing at time of adjudication.

In Bankruptcy. In the matter of the bankruptcy of Harry M. McCaulley and another. Application for review of an order of the referee approving the claim of Duffy Bros. Order modified.

On November 3, 1926, an order of adjudication was entered. Duffy Bros., a creditor for $108, was inadvertently omitted from the scheduled liabilities. Duffy Bros. continued credit to the bankrupts, and from the date of adjudication to November 14, the amount was $19. On this day the bankrupts paid Duffy Bros. $50 on account, without any directions as to the application of the payment. Credit was continued until November 28, when an additional payment of $35 was made by the bankrupts to Duffy Bros. The credit from November 14 to November 28 was in excess of $35. On January 3, 1927, upon application of the bankrupts, the schedule was amended. Duffy Bros. applied all payments since date of bankruptcy to the old account, proved their claim for the difference between $108 and $85, and this was approved by the referee. The bankrupts seek review.

G. M. LeCocq, of Everett, Wash., for bankrupts.

L. A. Merrick, of Everett, Wash., for Duffy Bros.

NETERER, District Judge. [1, 2] The status of the parties was fixed as to existing indebtedness on the date of adjudication. A creditor, being inadvertently omitted from the schedule, does not gain any legal right thereby. When the schedule was amended on January 3 following, it related back to the date of adjudication. The credit from November 3 to November 14 was a new relation. The payment of the $50 on the last-named date should be applied to the new account, $19, and the balance, $31, in the absence of direction as to application, was rightfully applied to the old account. The payment of the $35 on the 28th of November should be credited to the new account for merchandise purchased subsequent to November 14.

The decision of the referee is modified, as herein stated, and an order may be presented accordingly.